**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CRIMINAL CASE NO: 10-CR-28-DCR**

**UNITED STATES OF AMERICA,**
    **Plaintiff,**

        **vs.**

**VERLIN BRETT BAILEY,**
    **Defendant.**

### SENTENCING MEMORANDUM OF VERLIN BRETT BAILEY

Now comes the Defendant in the above-captioned case, VERLIN BRETT BAILEY, by and through counsel, and respectfully submits the following Sentencing Memorandum for consideration by this honorable Court in fashioning a sentence in this case.

/s/ *Kerry L. Neff*
KERRY L. NEFF  (KY 86729) (OH 66869)
526 Greenup Street
Covington, KY 41011
Tel:  (859) 291-6333
Fax:  (859) 291-6336
Email:  KerryNeff@aol.com
Attorney for Defendant

**MEMORANDUM**

Verlin Bailey respectfully submits this Memorandum to provide the Court with information that will assist the Court in fashioning a sentence that is sufficient <u>but not greater than necessary</u> to achieve the statutory purposes of sentencing as required by 18 U.S.C. §3553(a) in light of *United States v. Booker*, 543 U.S. 220, 135 S.Ct. 738 (2005).

The United States Supreme Court ruled that its Sixth Amendment holdings in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004) and Apprendi *v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000) apply to the Federal Sentencing Guidelines. *United States v. Booker*, 125 S. Ct. 738, 756 (2005). Accordingly, the Court made the Guidelines effectively advisory. *Booker* at 757.

Instead of being bound by the Sentencing Guidelines, the Sentencing Reform Act, as revised by *Booker*, "requires a sentencing court to consider the Guideline ranges, see 18 U.S.C. §3553(a)(4) (Supp. 2004), but it permits the court to tailor the sentence in light of other statutory concerns as well, see §3553(a)." *Booker*, 125 S.Ct. at 757. Thus, under *Booker*, a sentencing court must treat the guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. §3553(a).

A sentencing court must consider all of the goals and factors set forth in 18 U.S.C. §3553(a). This includes the "parsimony principle" of the statute that the sentence must be sufficient but not greater than necessary to comply with statutory purposes' of sentencing set forth in 18 U.S.C. §3553(a)(2). *United States v, Foreman*, 436 F.3d 638 (6th Cir. 2006).

*Booker* restored the District Court's power to fashion a sentence that is appropriately tailored to the <u>individual circumstances</u> of both the particular case and the particular defendant. A District Court's sentence is reviewed for reasonableness. *United States v. Webb*, 403 F.3d 373 (6th Cir. 2005). Under 18 U.S.C. §3553(a), courts can sentence a defendant below the applicable United States Sentencing Guideline range if such a sentence would be sufficient to achieve the purposes of sentencing.

## BACKGROUND

Verlin Brett Bailey is a 33 year old, lifelong resident, of the Northern Kentucky area. Mr. Bailey has fathered three children. His children are ages 16, 9, and 6. Verlin's mother and step-father live in Northern Kentucky, Verlin's father and step-mother live in Glencoe, Kentucky.

Verlin attended Boone County High School until 1993 and attained a G.E.D. in 2004. Verlin was employed through a temporary service prior to his arrest in this matter. He was previously self employed for approximately 10 to 15 years, working with his father, assembling log cabins, working on automobiles and other odd jobs.

Verlin's criminal history reveals that he has been assessed nine criminal history points for his prior criminal convictions. All of the counted convictions, except for one, are child support related offenses. The total criminal history points assessed in this case is 11 resulting in a criminal history category V.

Verlin has been charged with, and indicted for, violations of 18 U.S.C. § 2251(a), 18 U.S.C. § 2252(a)(2) and 18 U.S.C. § 1470. Pursuant to a written plea agreement he entered a plea of guilty to engaging in conduct in violation of 18 U.S.C. § 2251(a). Counts 2 and 3 alleging violations of U.S.C. § 2252(a)(2) and 18 U.S.C. § 1470 will be dismissed pursuant to the

negotiated plea agreement. The offense of conviction requires a statutory mandatory minimum sentence of 15 years imprisonment with a maximum term of imprisonment of 30 years. The applicable guideline range, as calculated for the Pre-Sentence Report is 210 months to 262 months.

  Verlin admitted to engaging in certain conduct occurring between January 9, 2010 and January 12, 2010, and entered a guilty plea to a violation of 18 U.S.C. § 2251(a). Verlin was arrested on January 21, 2010 and has been continuously detained on these charges since his arrest. Verlin admitted to requesting a minor to send him photographs, via a cellular telephone, of her genital area. Verlin has also admitted to sending return photographs of his genital area to the minor using a cellular telephone. Verlin indicated that he was under the influence of prescription pills and marihuana when he committed the conduct constituting the offense he has admitted to. Verlin, in the Presentence report, and elsewhere has expressed genuine remorse for his actions. Verlin has fully accepted responsibility for his decisions, actions, and conduct giving rise to the offense that brings him before the Court. Verlin has also expressed remorse and fully accepted responsibility for the effects of this actions and conduct.

  Verlin surrendered himself to law enforcement agents promptly upon his receiving notice of the warrant for his arrest in this matter. Verlin promptly admitted his responsibility for all the actions that bring him before the Court to the agents investigating the case. Verlin entered a timely plea of guilty to the charge against him in this case and stand before the Court fully admitting his conduct, accepting responsibility for his actions, expressing genuine remorse for his actions and conduct in this matter and he requests that the Court impose the minimum sentence necessary in this case.

## **U.S.S.G 3535 FACTORS**

Section 3553(a) of Title 18 of the Untied States Code sets forth the factors to be considered by a court when imposing a sentence. The court shall impose a sentence that is sufficient, but not greater than necessary, to comply with purposes set forth in § 3553(a)(2). The court shall consider the nature and circumstances of the offense and the characteristics of the particular defendant. The court shall also consider the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. To afford adequate deterrence to criminal conduct and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. The court is also to consider the kinds of sentences available and the sentencing range set forth in the United States Sentencing Guidelines and the policy statements issued by the Sentencing Commission. The court is also to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. The history and characteristics of Verlin Bailey relevant to the Court's sentencing decisions are set forth above and in the Pre-Sentence Investigation Report prepared in this case.

## **UNRESOLVED OBJECTIONS TO PRESENTENCE REPORT**
## **U.S.S.G. §2G2.1(b)(5)**

Mr. Bailey objects to the two level increase in his guideline calculation (offense level calculation) pursuant to U.S.S.G. §2G2.1(b)(5). Mr. Bailey does not agree that the minor was in his care, custody, or supervisory control. In the case at hand, Mr. Bailey did not have any custody or supervisory control over the minor based a legal relationship. He was not entrusted

with the care of the minor by the minor's legal guardian. There is no evidence to support the claim that Mr. Bailey was entrusted with the care of the minor. The fact that the minor is the daughter of Mr. Bailey's ex-girlfriend is not sufficient to support a sentencing enhancement pursuant to U.S.S.G. §2G2.1(b)(5).

## EXCESSIVE AND DISPROPORTIONATE SENTENCE

Mr. Bailey objects to the 15 year statutory mandatory minimum sentence applicable to 18 U.S.C. § 2251(a), the offense he was convicted of. Mr. Bailey objects to the mandatory minimum sentence on the basis that it is excessive and grossly disproportionate to the offense conduct and is therefore cruel and unusual punishment in violate of the Eighth Amendment to the United States Constitution.

Mr. Bailey objects to the base offense level applicable to the offense for which he was convicted [18 U.S.C. § 2251(a)] as determined in accordance with U.S.S. G. § 2G2.1(a). Mr. Bailey objects to the base offense level on the basis that it is excessive and grossly disproportionate to the offense conduct and is therefore cruel and unusual punishment in violate of the Eighth Amendment to the United States Constitution.

Mr. Bailey has admitted, and entered a plea of guilty, to conduct that has now become known as "sexting." he admitted to requesting the minor to send him a photograph, via a cellular telephone, of her genital area. Mr. Bailey has also admitted to sending a return photograph of his genital area to the minor using a cellular telephone. This conduct is the gravamen of the offense conduct. There is no "sexual act" involved in the offense conduct. There is no sexual contact between Mr. Bailey and the minor.

A comparison to 18 U.S.C. § 1591 serves as an example of the harshness of the statutory and guideline penalties applicable to 18 U.S.C. § 2251(a). *Sex trafficking of children by force, fraud or coercion*, 18 U.S.C. § 1591, also requires a statutory mandatory minimum sentence upon conviction of that offense. There is a statutory mandatory minimum sentence of either 10 years or 15 years imprisonment depending upon the age of the victim. A mandatory minimum sentence of 15 years imprisonment is required if the offense was effected by means of force, threat of force, fraud, or coercion, or the person recruited, the victim, had not attained the age of 14. If the offense was not effected by means of force, threat of force, fraud, or coercion, as stated above, and the victim was between 14 years of age and 18 years of age, the statutory mandatory minimum sentence is 10 year imprisonment.

In the case at hand, the statutory mandatory minimum sentence of 15 years imprisonment is required for the request for a photograph of the genital area of a minor, and the receipt and transmission of the photographs. In Mr. Bailey's case, the guideline sentence is 210 months to 262 months imprisonment. The sentence applicable to the offense for which Verlin Bailey has been convicted is excessive and grossly disproportionate to the offense conduct.

## A REASONABLE SENTENCE IN THIS CASE

Verlin Bailey, through counsel, respectfully requests the Court to impose the minimum sentence necessary to satisfy the goals and principles of sentencing set forth in 18 U.S.C. § 3553. Furthermore, Verlin Bailey request that the Court, after considering the information contained in this Sentencing Memorandum, the Presentence Report, documentation provided to the Court, and the information provided to the Court at the sentencing hearing, impose the minimum sentence necessary that is sufficient but not greater than necessary to achieve the statutory purposes of

sentencing as required by 18 U.S.C. §3553(a) in light of *United States v. Booker*. Verlin Bailey, through counsel, respectfully requests the Court to depart from the sentencing guidelines and impose a sentence <u>below</u> the applicable guideline range in this case. Additionally, or in the alternative, Verlin Bailey request the Court to grant a variance from the guidelines.

/s/ *Kerry L. Neff*
KERRY L. NEFF  (KY 86729) (OH 66869)
526 Greenup Street
Covington, KY 41011
Tel:  (859) 291-6333
Fax:  (859) 291-6336
Email:  KerryNeff@aol.com
Attorney for Defendant

## **CERTIFICATION**

I hereby certify that a true copy of this document will be served on this the 14th day of October, 2010 via the CM/ECF electronic filing system, to the following attorneys of record:

JASON A. DENNEY, Esq., Assistant United States Attorney.

/s/ *Kerry L Neff*
KERRY L. NEFF
