**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON**

**CRIMINAL ACTION NO. 2: 10-28-DCR**     *ELECTRONICALLY FILED*

**UNITED STATES OF AMERICA**     **PLAINTIFF**

**V.**     **RESPONSE TO PSR OBJECTIONS
AND SENTENCING MEMORANDUM**

**VERLIN BRETT BAILEY**     **DEFENDANT**

\* \* \* \* \*

Comes the United States of America, by counsel, to submit the following response to Defendant's PSR Objections and Sentencing Memorandum [R. 21].

The 2-point enhancement at U.S.S.G. § 2G2.1(b)(5) applies to the Defendant because of his special relationship with the minor victim. Application Note 3(A) of that section makes clear that the enhancement "is intended to have broad application and includes offenses involving a minor entrusted to the Defendant, whether temporarily or permanently." Further, "teachers, day care providers, baby-sitters, or other temporary caretakers are among those who would be subject to this enhancement ... [and] the court should look to the actual relationship that existed between the defendant and the minor and not simply to the legal status of the defendant-minor relationship."

As the long-term paramour of the victim's mother, and the father of the victim's sister, the Defendant enjoyed a familial relationship with the victim. Just before the offense, the Defendant resided with the victim and her family for over a year inside a 2-

bedroom apartment, paying many of the family's bills.  By the Defendant's own admission, the victim thought of him as a father figure.  During a post-Miranda, videotaped statement to the Taylor Mill Police Department, the Defendant stated as much, further elaborating that the victim called him "Dad."  The United States intends to play this portion of the video at the sentencing hearing, at the Court's discretion.

The Defendant also argues that the statutory minimum sentence in this case violates the Eighth Amendment's prohibition of cruel and unusual punishment.  This argument is without merit.  Mandatory minimum sentences of this nature do not constitute cruel and unusual punishment.  See United States v. Hill, 30 F.3d 48, 50-51 (6th Cir. 1994); relying on Harmelin v. Michigan, 501 U.S. 957, 994-95 (1991) ("Severe, mandatory penalties may be cruel, but they are not unusual in the constitutional sense....").  See also United States v. Brenton-Farley, 607 F.3d 1294, 1336-1345 (11th Cir. 2010) (discussing history of Supreme Court's Eigth Amendment jurisprudence, collecting cases, and affirming 30-year mandatory minimum sentence in a child exploitation case.)

To the extent that the Defendant argues disproportionality in violation of the Eighth Amendment, he is likewise mistaken.  "The Supreme Court has articulated a 'narrow proportionality principle' whereby it held that only extreme sentences that are grossly disproportionate to the crime are prohibited." United States v. Flowal, 163 F.3d 956, 963 (6th Cir.1998).  Comparisons to other crimes or jurisdictions is inappropriate.  "A better reading of our cases leads to the conclusion that intrajurisdictional and interjurisdictional analyses are appropriate only in the rare case in which a threshold

comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." Harmelin, 501 U.S. at 1004-1005.  The required 15-year sentence required in this case is a far cry from the life-without-parole sentence approved in Harmelin, and certainly does not support a "threshold inference" of gross disproportionality.

Production of child pornography is an horrific crime that causes long-term, if not lifetime, pain and anguish to its victims.  The permanent, visual record of the child abuse committed by this Defendant, and all child pornography producers, can haunt the victim for years.  Attempting to downplay the seriousness of the crime by referencing popular culture's current label – "sexting" – is dangerous and misguided.  While the explosion of camera phones and wireless data transmission may make the crime easier to commit, it certainly does not mean we should punish it less severely. Rather than suggest a lighter punishment for "sexting," the modern-day ease with which offenders can commit the crime, without even being in the same room as the child, should militate toward more severe sentences.  In fact, Eighth Amendment jurisprudence instructs us to analyze "the seriousness of the offense generically in terms of the threat to society posed by the type of conduct at issue in that case rather than the specific threat caused by [the Defendant] himself." United States v. Hopper, 941 F.2d 419, 422 (6th Cir. 1991).   Production of child exploitation images poses an extreme danger to society and its most vulnerable members, as the 15-year minimum required punishment recognizes.

This Defendant and his offense, however, possess characteristics that support a sentence higher than the statutory minimum.  Taking advantage of the special relationship

between the Defendant and the victim, discussed above, deserves greater punishment than an offense committed by a stranger. Likewise, this Defendant's significant criminal history is non-violent, but much of it is related to his criminal inability to support his children. Both of these factors should be carefully considered by this Court when fashioning a sentence. While the United States will not argue for a guideline sentence, which is inflated because of the Defendant's recent criminal history, it does recommend a sentence in the range of 200 months. This is above the statutory minimum of 180 months, reflecting the aggravating factors discussed above, but also is well below the guideline range, reflecting the Defendant's timely acceptance of responsibility.

        Respectfully submitted,

        KERRY B. HARVEY
        UNITED STATES ATTORNEY


By:    s/ Jason A. Denney
        Assistant United States Attorney
        207 Grandview Drive
        Fort Mitchell, Kentucky 41017
        (859) 652-7034
        jason.denney@usdoj.gov

## **CERTIFICATE OF SERVICE**

On October 21, 2010, I electronically filed the foregoing document through the CM/ECF system, which will provide notice of the filing to the following counsel of record:

    Kerry Neff, Esq.

    s/ Jason A. Denney
    Assistant United States Attorney