

EASTERN DISTRICT of KENTUCKY
TENDERED
DATE 7-13-10
WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

Eastern District of Kentucky
FILED
OCT 2 5 2010
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

**CRIMINAL ACTION NO. 2: 10-28-DCR**

UNITED STATES OF AMERICA                                               PLAINTIFF

V.                              **PLEA AGREEMENT**

VERLIN BRETT BAILEY                                                     DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will plead guilty to Count 1 of the Indictment, charging production of child pornography in violation of 18 U.S.C. § 2251(a). The United States will move at sentencing to dismiss Counts 2 and 3.

    2. The essential elements of Count 1 are:

(a) the Defendant employed, used, persuaded, induced, or enticed the victim to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct;

(b) the victim was under 18 years of age at the time; and

(c) the depiction was produced using materials that had been mailed, shipped or transported in interstate commerce, or the visual depiction was actually transported in interstate commerce.

    3. As to Count 1, the United States could prove beyond a reasonable doubt the following facts that establish the essential elements of the offense, and the Defendant admits these facts as true:

(a) On or about January 12, 2010, the Defendant engaged in a sexually-explicit conversation with a 14-year-old person via cellphone text-message. The content of the communications made clear that the two were or wished to be romantically involved. Over the course of the conversation, the Defendant persuaded and induced the 14-year-old person to masturbate, take several pictures depicting the lewd and lascivious exhibition of the person's genitals, and send those pictures back to the Defendant. The Defendant received those pictures on his cellphone, and also sent the 14-year-old person pictures of his erect penis by cellphone.

(b) At all times relevant, the Defendant knew that the other person was 14 years old. The Defendant was involved in a long-term romantic relationship with the 14-year-old's mother, had fathered the 14-year-old's half-sister, and had sometimes lived with the 14-year-old's family.

(c) The cellphones used by the Defendant and the 14-year-old person were manufactured outside the Commonwealth of Kentucky. The messages sent between the Defendant and the 14-year-old person traveled through computer servers outside the Commonwealth of Kentucky.

4. The maximum statutory punishment for Count 1 is imprisonment for not less than 15 years nor more than 30 years, a fine of not more than $250,000.00, and supervised release for not less than 5 years nor more than life. A mandatory special assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. These recommendations do not bind the Court:

(a) The Defendant's relevant conduct includes the facts set forth in this plea agreement and those details not specifically cited herein but encompassed by operation of U.S.S.G. § 1B1.3.

(b) Pursuant to U.S.S.G. § 2G2.1(a), the base offense level is 32.

(c) Pursuant to U.S.S.G. § 2G2.1(b)(1), increase the offense level by 2 levels because the minor had not attained the age of 16 years.

(d) Pursuant to U.S.S.G. § 2G2.1(b)(5), increase the offense level by 2 levels because the minor was otherwise in the custody, care or supervisory control of the Defendant. The Defendant reserves the right to argue against application of this enhancement.

(e) Pursuant to U.S.S.G. § 3E1.1, and unless the Defendant commits another crime, violates a court order, or obstructs justice, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2.

8. The Defendant waives the right to appeal and the right to collaterally attack the guilty plea and conviction.

9. The Defendant understands that under the Sex Offender Registration and Notification Act, a federal law, the Defendant must register and keep the registration current in each of the following jurisdictions: where the Defendant resides, where the Defendant is an employee, and where the Defendant is a student. The Defendant understands that the requirements for registration include providing the Defendant's name, residence address, and the names and addresses of any places where the Defendant is or will be an employee or a student, among other information. The Defendant further

Page 3

understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the Defendant resides, is an employee, or is a student, not later than three business days after any change of the Defendant's name, residence, employment, or student status. The Defendant understands that failure to comply with these obligations subjects the Defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is a felony punishable by imprisonment.

10. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violation of federal law, and the Defendant waives any right to challenge the initiation of additional federal charges.

11. This document and its sealed supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has made no other promises to the Defendant.

12. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

13. The Defendant and his attorney acknowledge that the Defendant understands this Agreement, that his attorney has fully explained this Agreement to him, and that his entry into this Agreement is voluntary.

                                                  KERRY B. HARVEY
                                                  UNITED STATES ATTORNEY

Date: 7 July 10          By:  _____
                              Jason A. Denney
                              Assistant United States Attorney

Date: 7-11-10                 _____
                              Verlin Brett Bailey
                              Defendant

Date: 7/11/2010               _____
                              Kerry Neff
                              Attorney for Defendant

**APPROVED**, this 25th day of October, 2010.

_____
DANNY C. REEVES
UNITED STATES DISTRICT JUDGE

Page 5