UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 2: 10-028-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| VERLIN BRETT BAILEY, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

Defendant Verlin Bailey pleaded guilty to producing child pornography and was sentenced to 220 months' imprisonment in October 2010.  On December 13, 2011, the United States Court of Appeals for the Sixth Circuit affirmed Bailey's sentence.  [Record No. 39] Bailey has now filed a *pro se* motion for "correction of sentence," arguing that his sentence was based, in part, on a previous escape conviction that does not exist.  Apparently aware that the statute of limitations for filing a motion under 28 U.S.C. § 2255 has expired, Bailey seeks relief under 28 U.S.C. § 2241, which he claims is a "catch-all" to test the legality of his sentence.  *See* § 2255(f).  Bailey has not satisfied the criteria for challenging his sentence under § 2241 and his motion will be denied.

A prisoner cannot challenge the imposition of his sentence under § 2241 unless he demonstrates that his remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." § 2255(e); *Bannerman v. Snyder*, 325 F.3d 722, 723 (6th Cir. 2003).  A § 2255 remedy is not inadequate or ineffective simply because § 2255 relief has been denied or there are procedural bars to seeking relief under § 2255.  *See Charles v. Chandler*, 180 F.3d 753,

- 1 -

755 (6th Cir. 1999).  To bring a claim contesting the imposition of a sentence under § 2241, the defendant must show "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect."  *Hill v. Masters*, 836 F.3d 591, 595 (6th Cir. 2016).  Bailey has not satisfied any of these prerequisites.

Further, there is nothing to suggest that his argument has any merit.  His Presentence Investigation Report ("PSR) indicates that he had a conviction for escape in the second degree in Boone County, Kentucky in 2002.  Bailey acknowledged during his sentencing hearing that he had reviewed the PSR with his attorney.  [Record No. 36, p. 2]  While Bailey made several objections to the PSR, he did not object to the inclusion of his prior conviction for escape.  Additionally, his attorney referenced the escape conviction during sentencing, stating that it was "related to child support" and that Bailey "eventually turned himself in."  *Id.* at p. 15.  When given the opportunity to address the Court, Bailey simply stated, "I think he pretty much covered everything."  *Id.* at p. 17.

Finally, contrary to Bailey's suggestion, his base offense level was not increased by two points because of the escape conviction.  Instead, he received one criminal history point for it, resulting in a criminal history score of 11 and a criminal history category of V.  A criminal history score of 10 also would have resulted in a criminal history category of V and the same advisory guidelines range, 210 to 262 months.

Based on the foregoing, it is hereby

**ORDERED** that the defendant's motion for correction of sentence [Record No. 41] is **DENIED**.

Dated: September 16, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky